**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed July 2, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-24-00216-CR

---

### IN RE RYAN JIVARO WHITAKER, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1463151**

---

## MEMORANDUM OPINION

On Monday, March 25, 2024, relator Ryan Jivaro Whitaker filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Chris Morton, presiding judge of the 230th District Court of Harris County, to rule on four motions: (1) motion to compel defense counsel to surrender the client file; (2) motion requesting trial/state habeas court to order issuance of subpoena and/or

appointment of counsel; (3) motion requesting writ of habeas corpus be held in abeyance and trial court be compelled to conduct hearing to develop the record; and (4) motion/letter to re-urge the trial/state habeas court to consider and rule on filed pro se motion(s) pending before the court. Relator's motions relate to his application for writ of habeas corpus filed pursuant to Code of Criminal Procedure article 11.07. *See* Tex. Code Crim. Proc. Ann. art. 11.07. We do not have subject-matter jurisdiction over this original proceeding.

While courts of appeals have mandamus jurisdiction in criminal matters, only the Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. *In re Washington*, No. 14-09-00158-CR, 2009 WL 975903, at *1 (Tex. App.—Houston [14th Dist.] Feb. 26, 2009, orig. proceeding.); *see* Tex. Code Crim. Proc. Ann. art. 11.07. The courts of appeals have concurrent mandamus jurisdiction with the Court of Criminal Appeals in some post-conviction proceedings. *Id.* Because relator ties his right to mandamus relief specifically to a failure to rule on motions related to his post-conviction application for writ of habeas corpus, we conclude we do not have jurisdiction over the complaint. Tex. Code Crim. Proc. Ann. art. 11.07; *see McCree v. Hampton,* 824 S.W.2d 578, 579 (Tex. Crim. App. 1992) (Court of Criminal Appeals has jurisdiction to order trial court to rule on applicant's post-conviction application for writ of habeas corpus).

We dismiss the petition for want of subject-matter jurisdiction.

PER CURIAM

Panel consists of Justices Spain, Hassan, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).